IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES A. McDANIELS,

      Petitioner,                      No. CIV S-06-2626 LKK GGH P

    vs.

M.C. KRAMER, et al.,

      Respondents.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

        On November 20, 2006, this action was transferred to this court from the United States District Court for the Northern District of California.  On March 26, 2007, petitioner filed an amended petition.  For the following reasons, the amended petition is dismissed with leave to amend.

        Petitioner was convicted of two counts of first degree murder In December 1977 and sentenced to 7 years to life.  Petitioner apparently committed these offense before the enactment of the determinate sentencing law (DSL) on July 1, 1977.  Therefore, petitioner was sentenced pursuant to the indeterminate sentencing law (ISL).

/////

The claims raised in the amended petition are not entirely clear. However, it appears that petitioner is arguing that under state law he is entitled to have a maximum term of imprisonment set. The legal background to this claim is as follows.

"Before July 1, 1977, California law provided for indeterminate sentencing." People v. Jefferson, 21 Cal.4th 86, 94, 86 Cal.Rptr.2d 893, 898 (1999). " Under that sentencing scheme, penal statutes specified a minimum and a maximum sentence for felonies, often ranging broadly from as little as one year in prison to imprisonment to life." Id. "A trial court would simply sentence a defendant to prison for 'the term prescribed by law,' while the actual length of a defendant's term, within the statutory maximum and minimum, was determined by the Adult Authority." Id. "Under the pre-1977 law the Adult Authority decided when to release prisoners on parole." Id. "No inmate could be released before serving the minimum term of imprisonment provided for the offense of which he or she was convicted." Id. at 95, 86 Cal.Rptr.3d at 899. "Inmates with a life sentence were eligible for parole only if they had served at least seven years in prison." Id.

"On July 1, 1977, the Legislature replaced California's indeterminate sentencing scheme with a new law, the Determinate Sentencing Act." Id. "Under the new law, most felonies specify three possible terms of imprisonment (the lower, middle and upper terms); after weighing any aggravating and mitigating circumstances, the trial court selects one of those terms." Id. "Some particularly serious crimes, however, remain punishable by indeterminate sentences of lie in prison with the possibility of parole." Id. Under the DSL, life sentences are retained for certain crimes such as first degree murder. Way v. Superior Court, 74 Cal.App.3d 165, 171, 141 Cal.Rptr. 383, 387 (1977).

It appears that petitioner is arguing that with the passage of the DSL, he is entitled to have a maximum term of imprisonment set. Petitioner's understanding of state law is incorrect. As discussed above, under California law, enactment of the DSL did not entitle petitioner to a determinate sentence. Rather, petitioner retained his life sentence. Because

1  petitioner's claim is without merit, the petition is dismissed with leave to amend.

2          The court also observes that petitioner's claim alleges a violation of state law
3  only.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some
4  transgression of federal law binding on the state courts.  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085
5  (9th Cir. 1985); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for
6  alleged error in the interpretation or application of state law.  <u>Middleton v. Cupp</u>, 768 F.2d at
7  1085; <u>see</u> <u>also</u> <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir. 1987); <u>Givens v. Housewright</u>, 786
8  F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.
9  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

10         Petitioner's claim that the alleged violation of state law violated his right to due
11 process does not elevate his claim to federal claim.  On this ground the petition is dismissed as
12 well.

13         Petitioner is granted leave to file an amended petition.  If petitioner files an
14 amended petition, he should clarify his claim to the extent the court has misunderstood it.
15 Petitioner should only raise claims implicating the violation of his federal constitutional rights.

16         Accordingly, IT IS HEREBY ORDERED that March 26, 2007, amended petition
17 is dismissed with thirty days to file a second amended petition; failure to file a second amended
18 petition within that time will result in a recommendation of dismissal of this action.

19 DATED: 8/14/07

20                                 /s/ Gregory G. Hollows

                                  UNITED STATES MAGISTRATE JUDGE

22 mc2626.ame