IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES A. McDANIELS,

    Petitioner,                      No. CIV S-06-2626 LKK GGH P

   vs.

M.C. KRAMER, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2007, the court dismissed the amended petition with leave to file a second amended petition. Pending before the court is the second amended petition filed September 20, 2007. For the following reasons, the court recommends that this action be dismissed.

        Petitioner was convicted of two counts of first degree murder in 1978 and sentenced to 7 years to life imprisonment. Petitioner apparently committed these offenses before July 1, 1977. Effective July 1, 1977, California repeated its indeterminate sentencing law (ISL). On that date, the Determinate Sentencing Act (DSL) became operative. Petitioner now argues that his constitutional rights are being violated by the failure of the California Board of Prison Hearings (BPH) to set his minimum or base term pursuant to the standards as set in the ISL

1

1  rather than the DSL.[1]  The background to this claim is as follows.

2  Under the ISL and the DSL, a life prisoner must first be found suitable for parole
before a parole date is set.  In re Stanworth, 33 Cal.3d 176, 183 (1982).  Either the current
commitment offense or the offense deemed most serious by the parole panel, in the even of
multiple commitment of offenses is then selected as the base offense.  Id.  The panel then sets a
"base period of confinement," which under both systems is based solely on the gravity of the
base offense.  Id.

Under the ISL, suggested base ranges were established for each offense.  Id. at
184.  The range for first degree murder was set at 8 to 13 years.  Id.  Under the DSL, the base
term "'shall be established by utilizing the appropriate matrix of base terms...for the base
offense...'"  Id., quoting Cal. Code Regs. tit. 15, § 2282(a).  Under the DSL, the matrix for first
degree murders provides four categories imposed on two separate axes, ranging from 8 to 22
year.  Id.

The ISL and DSL both required that the prisoner be found suitable for parole
before the base term was set.  Id.  Therefore, petitioner cannot raise a claim challenging the
failure of the BPH to apply the ISL base term guidelines until he is found suitable for parole,
which is when his base term will be set.  There is no claim in the second amended petition that
petitioner has been found suitable for parole.  Accordingly, this action should be dismissed
because petitioner's claim is not ripe.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
days after being served with these findings and recommendations, petitioner may file written
objections with the court.  The document should be captioned "Objections to Magistrate Judge's

---

[1] The court misunderstood petitioner's claim in the August 15, 2007, order dismissing the first amended petition.

1 | Findings and Recommendations." Petitioner is advised that failure to file objections within the
2 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3 | F.2d 1153 (9th Cir. 1991).
4 | DATED: 12/20/07                                    /s/ Gregory G. Hollows
5 |                                                    UNITED STATES MAGISTRATE JUDGE
8 | mcdan2626.dis